# EXHIBIT 2

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG      CIVIL ACTION NO: 16-CVS-14052

XPO LOGISTICS, INC.

    Plaintiff,

v.

BRAD KUTA,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

This matter came on to be heard before the undersigned Superior Court Judge on August 4, 2016 on Plaintiff's Motion for Temporary Restraining Order pursuant to North Carolina Rule of Civil Procedure 65(b). In its Verified Complaint and Motion for Temporary Restraining Order, Plaintiff XPO Logistics, Inc. ("XPO") alleges that Defendant Brad Kuta, XPO's former Account Executive in the Freight Brokerage division, is in breach of his noncompetition and nonsolicitation covenants with XPO through his provision of services to and solicitation of customers on behalf of Arman Transport, LLC and/or its affiliates ("Arman"). XPO contends that such conduct is causing irreparable and continuing harm, against which XPO is seeking a temporary restraining order and preliminary and permanent injunctive relief. XPO asks the Court for an Order prohibiting Kuta from violating his noncompetition and nonsolicitation covenants and misappropriating its confidential information and trade secrets.

Having considered the Verified Complaint, the Motion and supporting documents and the arguments of counsel for XPO, the Court finds that XPO has demonstrated a likelihood of success on the merits of its claims against Kuta and that the relief requested in the Motion is necessary and appropriate to prevent irreparable and continuing harm to XPO.

8931456

**WHEREFORE, IT IS HEREBY ORDERED** that:

(i) Defendant is enjoined and restrained from violating the noncompetition covenant and nonsolicitation restrictions that are set forth in the Employment Agreement attached as Exhibit 1 to XPO's Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction, including (a) by performing any services for Arman Transport, LLC or its affiliates in an area, division or segment of Arman Transport, LLC that competes with XPO or (b) by calling on, contacting, soliciting or otherwise taking away or disrupting, or attempting to call on, contact, solicit or otherwise take away or disrupt, XPO's relationship with or business expectancy from any of XPO's customers or carriers on whose account he worked or with whom he had regular contact or as to whom he had access to Confidential Information, as defined in the Employment Agreement (in either instance at any time within the last one (1) year of his employment with XPO);

(ii) Defendant is enjoined from directly or indirectly using, disclosing or copying the trade secrets and Confidential Information of XPO, as that term is defined in the Employment Agreement, or assisting any other person or entity to do so;

(iii) Defendant and all persons with notice of such Order are prohibited from destroying, removing, transferring, or altering any documents or tangible things, including computer files and other electronic data, requested herein or otherwise discoverable in this action under Rule 26;

(v) The hearing on XPO's motion for a preliminary injunction is scheduled for 9:30 a.m. on August 11, 2016 in Courtroom 6310 of the Mecklenburg County Courthouse; and

(vi) This Order shall remain in effect until the hearing on the motion for a preliminary injunction, unless extended before that time.

2

8931456

**SO ORDERED**, at 2:40 o'clock, _.m. on August 4th, 2016.

This 4 day of August, 2016.

_____
Superior Court Judge Presiding

After consideration the Court elects to set no bond.

3

8931456