# EXHIBIT 3

STATE OF NORTH CAROLINA              IN THE GENERAL COURT OF JUSTICE
                                      SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG                 CIVIL ACTION NO: 16-CVS-14052

XPO LOGISTICS, INC.,

    Plaintiff,

v.                                    ORDER GRANTING PLAINTIFF'S
                                      MOTION FOR PRELIMINARY
BRAD KUTA,                            INJUNCTION

    Defendant.

MECKLENBURG COUNTY
FILED #64
AUG 2 2 2016
AT_____O'CLOCK___M
CLERK OF SUPERIOR COURT

This matter came on to be heard before the undersigned Superior Court Judge on August 22, 2016 on Plaintiff's Motion for Preliminary Injunction pursuant to North Carolina Rule of Civil Procedure 65. In its Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff XPO Logistics, Inc. ("XPO") alleges that Defendant Brad Kuta, XPO's former Account Executive in the Freight Brokerage division, is in breach of his noncompetition and nonsolicitation covenants with XPO through his provision of services to and solicitation of customers on behalf of Arman Transport, LLC and/or its affiliates ("Arman"). XPO contends that such conduct is causing irreparable and continuing harm, against which XPO is seeking a temporary restraining order and preliminary and permanent injunctive relief. XPO asks the Court for an Order preliminary enjoining Kuta from violating his noncompetition and nonsolicitation covenants and misappropriating its confidential information and trade secrets.

Having considered the Verified Complaint, the Motion and supporting documents and the arguments of counsel for XPO, the Court finds that XPO has demonstrated a likelihood of success on the merits of its claims against Kuta and that the relief requested in the Motion is necessary and appropriate to prevent irreparable and continuing harm to XPO. The Court, in the

8969989

exercise of its discretion under Rule 65(c) and consistent with the parties' agreement that XPO need not post a bond to secure injunctive relief, determines that XPO is not required to post a bond to secure this preliminary injunction.

**WHEREFORE, IT IS HEREBY ORDERED** that:

(i) Defendant is preliminarily enjoined and restrained during the pendency of the litigation from violating the noncompetition covenant and nonsolicitation restrictions that are set forth in the Employment Agreement attached as Exhibit 1 to XPO's Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction, including (a) by performing any services for Arman Transport, LLC or its affiliates in an area, division or segment of Arman Transport, LLC that competes with XPO for a period of six (6) months, beginning July 21, 2016, or (b) by calling on, contacting, soliciting or otherwise taking away or disrupting, or attempting to call on, contact, solicit or otherwise take away or disrupt, XPO's relationship with or business expectancy from any of XPO's customers or carriers on whose account he worked or with whom he had regular contact or as to whom he had access to Confidential Information, as defined in the Employment Agreement (in either instance at any time within the last one (1) year of his employment with XPO) for a period of two (2) years, beginning July 21, 2016;

(ii) Defendant is preliminarily enjoined and restrained during the pendency of the litigation from directly or indirectly using, disclosing or copying the trade secrets and Confidential Information of XPO, as that term is defined in the Employment Agreement, or assisting any other person or entity to do so;

(iii) Except by agreement with XPO or pursuant to further order of this Court, Defendant and all persons with notice of such Order are prohibited from destroying, removing,

2

8969989

transferring, or altering any documents or tangible things, including computer files and other electronic data, requested herein or otherwise discoverable in this action under Rule 26; and

(iv) Under Rule 65(d), this Order Granting Plaintiff's Motion for Preliminary Injunction shall be binding on the parties to this action, their officers, agents, servants, employees, and attorneys, and on those persons in active concert or participation with them who receive actual notice in any manner of this Order by personal service or otherwise.

This 22nd day of August, 2016.

*Yvonne Mims Evans*
Superior Court Judge Presiding

3

8969989