DocuSign Envelope ID: 1CD461B9-AF8B-4CA6-9A50-9885158E3EF2

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| XPO LOGISTICS, INC., | ) | Civil No. 3:19-cv-00348-FDW-DSC |
| Plaintiff, | ) | |
| v. | ) | |
| JESSICA NORTHROP, | ) | DECLARATION OF JESSICA NORTHROP |
| Defendant. | ) | |

Jessica Northrop hereby declares as follows:

1. I am over 18 years of age and of sound mind.

2. I am the Defendant in the above captioned matter. The facts stated herein are from my own personal knowledge.

3. Northrop began working with XPO in 2009 and was promoted to Service Center Manager of XPO's Syracuse facility in April 2016.

4. As a Service Center Manager for the Syracuse Facility, I was responsible for its general operations, performance, and risk management. During my employment with XPO, I was not responsible for or engaged in the management of any other XPO facilities, expansion of XPO's services, soliciting new business, or the establishment of new XPO facilities.

5. During my tenure as the Syracuse facility's Manager, I had access to XPO's business intelligence database ("the Database"). The Database contained information regarding the performance metrics of the Syracuse facility and other XPO facilities. I used the Database

to assess the performance of the Syracuse facility only – I did not access the database for other facilities for which I was not responsible.

6. XPO's pricing information and customer lists were primarily kept on a software database called "One CRM." I did not have the authority to access the One CRM software.

7. During my tenure as a Service Center Manager at the Syracuse facility, I regularly participated in meetings with managers of other XPO facilities and members of XPO's leadership – on a district level. These meetings were short and involved status updates regarding the general performance of other XPO facilities. The meetings sometimes touched on issues regarding XPO's compliance with federal safety laws and human resources issues. During these meetings, however, I did not gain any insight into information not generally known about XPO's business strategies, pricing, contracts, proprietary management, operational processes, competitive offerings, technology tools related to routing systems, business intelligence systems, safety systems, or any other confidential or proprietary information by virtue of participating in these meetings.

8. Due to an uncomfortable work environment and unreasonable work expectations, I accepted a position with Saia LTL Freight ("Saia") on May 29, 2019. The same day, and on May 31, 2019, I forwarded emails from my XPO email account to my personal email account that referred or related to XPO – certain emails contained some Confidential Information. I did not forward the emails with the intent of using the information to compete with XPO or disclosing their contents to Saia or any other competitor.

9. The XPO related emails that I emailed to my personal account fell into two categories: (1) documents that represented my own work product, such as forms, that I had used and liked and the information contained therein, Confidential Information or not, was irrelevant; and

(2) emails and documents that evidenced my value/worth as an employee, such as congratulatory emails and other "kudos" because I understood from other former XPO employees that XPO often attempted to discredit or disparage its former employees to their new employers – these documents were "proof" to the contrary should XPO do so with me as well. When I opened up one email post-separation, I found it to be "corrupted" file that could not be opened and did not bother to open or attempt to access other XPO forwarded emails thereafter. The XPO emails that I forwarded remained in my personal email account, mostly unopened and completely forgotten until XPO sent me the cease and desist letter. I never forwarded these emails or otherwise disclosed their contents to any third party.

10. On June 13, 2019, XPO's counsel sent me a cease and desist letter via email demanding that I resign my position with Saia.

11. During a teleconference on July 2, 2019, I was questioned by XPO's counsel about my job responsibilities with Saia. I explained that my job responsibilities with Saia as a Special Projects Manager were much different than my responsibilities as a Service Center Manager with XPO and that I did not believe I was in violation of the Agreement. I denied multiple suggestions that my job responsibilities with Saia were the same as my job responsibilities as XPO's Service Center Manager.

12. After receiving notice of the Temporary Restraining Order entered by the state court, Saia terminated my employment on July 2, 2019. I remain unemployed.

13. On Tuesday, July 24, 2019, I voluntarily relinquished access to my personal email account and granted XPO's expert sole custody of the email account -- I authorized XPO' expert to

change my access password. It is my understanding that my password was changed as I requested, but I have not attempted to access my email to check.

14. On July 26, 2019, I requested that XPO's expert be directed to delete all XPO related emails in my personal email account regardless of whether a particular email contained XPO Confidential Information.

15. Other than the emails at issue in this case, I do not have any XPO property, confidential or otherwise. I did not take any tangible documents with me when I left XPO. I did not retain any XPO property. At no point, during my employment with XPO or afterward, did I disclose XPO Confidential Information to SAIA or any other competitor. I never forwarded any of the XPO emails that I sent to her personal account.

I, Jessica Northrop, declare under the penalty of perjury that the foregoing statements are true and accurate.

DocuSigned by:

Jessica Northrop

Date Signed: 7/26/2019

DocuSign Envelope ID: 1CD461B9-AF8B-4CA6-9A50-9885158E3EF2

## **CERTIFICATE OF SERVICE**

This is to certify that on July 26, 2019, the undersigned counsel filed the foregoing pleading using the Court's CM/ECF system that will send notification of this filing to all counsel of record.

/s/ Craig L. Leis
Craig L. Leis NCSB #48582

*Attorney for Defendant*
