# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00348-MOC-DSC

| | |
|---|---|
| XPO LOGISTICS INC., | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| JESSICA NORTHROP, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on "Plaintiff's Motion for Leave to Amend Complaint" (document # 26) filed September 19, 2019 and the parties' associated briefs and exhibits, Docs. 27, 28 and 30.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration. The Court has carefully examined the record, the parties' arguments, and the applicable authorities.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." Id. Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a court should grant a party leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962);

Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010); Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006).

Plaintiff seeks to amend its Complaint and assert an additional claim for misappropriation of trade secrets based upon the same facts pleaded in the original Complaint. For the reasons stated in Plaintiff's brief and reply, the Court finds that this amendment will not result in undue delay or prejudice to Defendant, and that it is not futile or made in bad faith. Accordingly, the Court **GRANTS** "Plaintiff's Motion for Leave to Amend Complaint" (document #26).

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Consequently, the Court orders that "Defendant Jessica Northrop's Partial Motion to Dismiss…" (document #9), be administratively **DENIED** as moot without prejudice. This ruling is without prejudice to Defendant's ability to assert any relevant arguments in response to Plaintiff's amended complaint.

IT IS HEREBY ORDERED that:

1. Plaintiff shall file its amended complaint within seven days of this Order.

2. "Defendant Jessica Northrop's Partial Motion to Dismiss…" (document #9) is DENIED administratively as moot without prejudice.

3. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel, and to the Honorable Max O. Cogburn, Jr..

**SO ORDERED**.

Signed: October 28, 2019

David S. Cayer
United States Magistrate Judge