# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00348-MOC-DSC

| | |
|---|---|
| XPO LOGISTICS INC., ) | |
| ) | |
|       Plaintiff, ) | |
| ) | **PRETRIAL ORDER AND** |
| ) | **CASE MANAGEMENT PLAN** |
| v. ) | |
| ) | |
| JESSICA NORTHROP, ) | |
| ) | |
|       Defendant. ) | |

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court enters the following Pretrial Order and Case Management Plan in this matter:

> **DEADLINES AT A GLANCE**
>
> **Discovery Completion: May 27, 2020**
> **Mediation: June 11, 2020**
> **Dispositive Motions: June 26, 2020**
> **READY DATE FOR TRIAL: October 19, 2020**
> **Estimated length of trial: three days**

## I. DISCOVERY

**A.** **DISCOVERY GUIDELINES**: Discovery shall be proportional to the needs of the case and is limited as follows: each party may propound no more than **twenty** interrogatories, including subparts; no more than **twenty** requests for admission, and take no more than **twenty hours** of oral depositions of non-expert witnesses. The Court reserves the right to shift the costs of production of discovery to the party requesting it when the Court

determines that the request is not proportionate. Whether a party has an objection to production, the objection must be specific. Production of documents may be accomplished through production of hard copies instead of electronic data.

**B.** **RULE 26 DISCLOSURES**: The parties have agreed to opt out of initial disclosures.

**C.** **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION**: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

**D.** **THE MAINTENANCE OF DISCOVERY MATERIALS**: Discovery materials are <u>NOT</u> to be filed. All counsel are advised to consult the Local Rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

**E**. **VIDEO DEPOSITIONS**: If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

**F**. **PROTECTIVE ORDERS**: Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

A **PROTECTIVE ORDER** is hereby entered in accordance with Rule 16(b)(1)(B) and Rule 502 providing that privileged documents inadvertently produced may be "clawed back" by the party that produced them within fourteen days of being served with written notice of the inadvertent disclosure by the party who received the document.

G. **DISCOVERY COMPLETION**: All discovery shall be complete no later than **May 27, 2020**. Supplementations per Rule 26(e) shall be due within thirty days after obtaining applicable information. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten days prior to scheduled trial time. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

## II. ADR

A. **METHOD**: The method of ADR to be utilized in this case is **Mediated Settlement Conference**.

B. **DEADLINE**: The timing for completing ADR and filing a report on the results is in the parties' discretion but shall be completed no later than **June 11, 2020**.

C. **CERTIFICATE OF COMPLETION:** A certificate of completion of the conference must be filed within fourteen days of such completion and may be filed by the mediator or the parties. The parties are advised that the Court will not consider summary judgment motions until such certificate is filed.

### III. MOTIONS

A. **DISPOSITIVE MOTIONS DEADLINE**: All motions except motions *in limine* and motions to continue shall be filed no later than **June 26, 2020**. Parties may not extend this deadline by agreement and stipulated extensions for the completion of discovery do not extend the Motions Deadline.

B. **REQUIREMENT OF CONFERENCE WITH COURT BEFORE FILING SUBSTANTIVE DISCOVERY MOTIONS:** In accordance with Rule 16(b)(1)(B), a party shall, before filing a disputed motion for an order relating to discovery, request a conference with the Magistrate Judge. Only when that request is denied or an impasse is reached at the conference may the party file a disputed motion for an order relating to discovery. Such conferences may be conducted in chambers or by conference call and need not be recorded, all in the discretion of the Magistrate Judge.

C. **MOTIONS HEARINGS**: Hearings on motions ordinarily will be conducted only when the Rules require a hearing, when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision, or at the request of a party and when the Court determines it would aid the decisional process. All motions requiring a hearing will be heard as soon as is practical. The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

**D.** **MEMORANDA IN SUPPORT OF MOTIONS**: Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based. Motions not in compliance with this Order are subject to summary denial.

**E.** **RESPONSES AND REPLIES**: Responses to motions, if any, must be filed within fourteen days of the date on which the motion is filed. Replies to responses, if any, must be filed within seven days of the date on which the response is filed. Pursuant to Rule 6(e) of the Federal Rules of Civil Procedure, when a party serves a motion or response by any manner, the respondent shall have an additional three days to file a response or reply.

**F.** **ENLARGEMENT OF TIME**: If counsel require more than fourteen days to file a response or seven days to file a reply, a motion for extension of time shall be filed, accompanied by a proposed order. The moving party must show consultation with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel on the request. If a party fails to make the requisite showing, the Court may summarily deny the request for extension.

**G.** **MOTIONS TO COMPEL**: A motion to compel must include a statement by the movant that the parties have conferred in good faith and exhausted the requirement of a conference with the Court in compliance with Subpart B, *supra*, in an attempt to resolve the dispute and are unable to do so. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

## IV. TRIAL

**A.** **TRIAL READY DATE**. The "Ready Date" for trial is **October 19, 2020**. The parties estimate that the total time needed for trial will be approximately **three days**. A "Ready Date" is not necessarily the date this action will be tried, but is the date by which the parties must be ready to go to trial. The Clerk of Court will place this matter on the next available trial calendar on or after the "Ready Date."

**B.** **TRIAL SUBPOENAS**: Counsel must subpoena all witnesses <u>at least ten days</u> before the trial date. The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

**C.** **COUNSEL'S DUTIES PRIOR TO TRIAL**: <u>At least two full weeks</u> before the trial date, counsel for all parties shall:

    (a) Discuss the possibility of a settlement;

    (b) Exchange copies of exhibits or permit inspection if copying is impractical;

    (c) Number and become acquainted with all exhibits; and

    (d) Agree upon the issues, reduce them to writing, and file them with the Court. If counsel cannot agree upon the issues, each party is directed to write its own version and file it with the Court.

    (e) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

**D**. **COUNSEL'S FILINGS ONE WEEK BEFORE TRIAL**: <u>At least one full week</u> before the trial date, counsel for each party shall file with the <u>Clerk of Court</u> each of the following:

(a) A trial brief addressing all questions of law and any anticipated evidentiary issues;

(b) In all non-jury cases, proposed Findings of Fact and Conclusions of Law;

(c) Proposed jury instructions, as described below;

(d) Requested questions for *voir dire*; and

(e) Deposition testimony a party will offer as evidence at trial, as described below in Subsection G.

E. **PROPOSED JURY INSTRUCTIONS**: If a jury trial has been requested, all counsel shall file proposed jury instructions and verdict sheets <u>no later than one week</u> before the trial date. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation may not be considered.

F. **JURY *VOIR DIRE***: The Court, after consideration of the requests for *voir dire* submitted by counsel, shall conduct initial jury *voir dire*. Counsel will be given an opportunity to conduct *voir dire* in the manner otherwise utilized in the courts of the State of North Carolina.

G. **DEPOSITION TESTIMONY:** If a party will offer deposition testimony as evidence at trial, the parties are to prepare the following and submit it to the <u>Clerk of Court</u> at least one full week before the trial date:

(a) The party originally offering the testimony shall highlight in yellow all portions of the deposition testimony it will seek to have admitted;

(b) That party shall then provide the highlighted copy to the opposing party;

(c) The opposing party shall highlight in a different color all portions of the deposition testimony it will seek to have admitted;

(d) The opposing party shall then list briefly in the margins, directly adjacent to the relevant testimony, any objections it has to that testimony (e.g., 401, hearsay);

(e) The opposing party shall then return the document to the party originally offering the testimony, who will list objections to the opposing party's highlighted portion;

(f) The party originally offering the testimony shall then file the document with the Clerk of Court.

**H.  COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL**: No later than the morning of the first day of trial, counsel for each party shall file with the Clerk of Court an original and four copies of the following:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and

(d) An exhibit list.

**I.  EXHIBITS**:  Parties are expected to use presentation technology available in the courtroom to display evidence to the jury.  Training on the equipment must be arranged well in advance of trial with the Courtroom Deputy, not on the day of trial. See "Courtroom

Technology" link on the District website at www.ncwd.uscourts.gov. Counsel shall provide in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial in the manner instructed by the Courtroom Deputy. Exhibit files shall be named consistent with the order in which they are presented and contain a descriptive name. For example:

  Exhibit 1 -  photograph of . . .

  Exhibit 2(a) -  contract

  Exhibit 2(b) -  video deposition of . . .

**J**.  **FORMAT FOR EXHIBIT LIST**: In preparing the exhibit list, each side shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

Exhibit #      Description      Identified by      Admitted

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel shall also provide an electronic copy of the exhibit list with the electronic exhibit files as the Courtroom Deputy instructs.

**K**.  **ASSESSMENT OF JURY COSTS**: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and *per diem* fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict,

the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

## V. SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

**SO ORDERED**.

Signed: December 2, 2019

David S. Cayer
United States Magistrate Judge